UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| **ANTONETTE FERRELL GREEN** | ) | CASE NO. **15-73121-**CRM |
| *A/K/A ANTONETTE FERRELL GREEN* | ) | |
| *A/K/A ANTONETTE FERRELL* | ) | |
| *A/K/A ANTOENETTE FERRELL*, | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO SELL REAL ESTATE**

COMES NOW Debtor, Antonette Ferrell Green a/k/a Antonette Ferrell Green a/k/a Antonette Ferrell a/k/a Antoenette Ferrell, and moves the Court for an order allowing Debtor to sell real property that is a part of the estate:

1.

This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1334, 151 and 157. This matter is a core proceeding as defined in 28 U.S.C. Section 157 (b)(2)(N). This matter is a core proceeding as defined in 28 U.S.C. Section 157 (b)(2)(N).

2.

Debtor filed a Voluntary Petition for relief under Chapter 13 on December 1, 2015.

3.

On Schedule D, Debtor lists an interest in real property located at 4002 Carisbrook Drive, Union City, Fulton County, Georgia (the "Property"), with secured obligation thereon to Citimortgage, Inc. ("Lender") in the approximate amount of $107,049.59 (see Proof of Claim Number 8).

4.

The current value of the Property as indicated by the Fulton County Tax Assessor's Office is $56,100.00 (*See* Exhibit "A").

5.

Debtor has procured a disinterested third party for this property by the name of Senovia Brown ("Buyer").

6.

With the Lender's approval, Buyer and Debtor entered a preliminary purchase agreement according to which Buyer agrees to the purchase price of $119,900.00 for the Property (See the Purchase and Sale Agreement attached as Exhibit "B").

WHEREFORE, Debtor prays for:

1) An order approving the purchase contract attached herein and associated with the Property; and,
2) Such other and further relief as the Court may deem equitable and just.

Dated: August 29, 2016

    /s/
Peter Batalon
GA Bar No. 339830
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North, Ste. 201
Atlanta, Georgia 30346
(404) 381.8642 x-2419



| Recent Sales in Neighborhood<br>Recent Sales in Area | Previous Parcel | Next Parcel | Field Definitions | Return to Main Search | Fulton Home |
|---|---|---|---|---|---|

### Owner and Parcel Information

| | | | |
|---|---|---|---|
| Owner Name | FERRELL ANTONETTE | Today's Date | August 29, 2016 |
| Mailing Address | 4002 CARIS BROOK DR | Parcel Number | 09F240100832044 |
| | UNION CITY, GA 30291 | Tax District | 55 |
| Location Address | 4002 CARISBROOK DR | Zoning | R5A |
| Legal Description | R5A | Acres | 0.3017 |
| Property Class | R3-Residential Lots | Parcel Map | Show Parcel Map |
| Neighborhood | 9650 | Homestead | Y<br>Exemption Codes: HF01 HF01 |
| Legal Description | LOT 81 BRENTWOOD PLACE SUBD | | |

### Assessment Information   Show Historical Assessments   Show Assessment Notice

| Year | LUC | CLASS | Land Value | Building Value | Total Value | Assessed Value |
|---|---|---|---|---|---|---|
| 2016 | 101 | R3 | $ 11,400 | $ 44,700 | $ 56,100 | $ 22,440 |

### Land Information

| Land Type | Land Code | Description | Square Feet | Acreage | Price |
|---|---|---|---|---|---|
| S | 1 | | 13,141 | 0.3017 | $ 11,350 |

### Improvement Information

| Card | Stories | Exterior Wall | Style | Year Built | Res Sq Ft | Basement | Total Bsmt Sqft | Finished Bsmt Sqft |
|---|---|---|---|---|---|---|---|---|
| 1 | 2 | FRAME | MODERN | 2003 | 1,850 | NONE | | |

| Garage Sqft | Garage Type | Total Rooms | Bedrooms | Full Bath/Half Bath | Attic | Additional Fixtures | Heating System | Heat |
|---|---|---|---|---|---|---|---|---|
| | | 7 | 3 | 2/1 | NONE | 2 | WARM AIR | CENTRAL WITH A/C |

| Total Fixtures | Masonry Fireplaces | Heating Fuel Type | Pre Fab Fireplace | Split Level/Foyer | Miscellaneous Feature | Miscellaneous Feature 2 |
|---|---|---|---|---|---|---|
| 10 | | GAS | | | | |

Grade Factor: C+ 1.08   Cost/Design Factor: 0%   CDU: GD

### Building Sketch   Enlarge Sketch

EXHIBIT A



| Color | Area Type Description | Square Feet |
|---|---|---|
| A | MAIN AREA | 870 |
| B | MA_PT CONC/MAS PATIO | 120 |
| C | FR GR FRAME GARAGE; Second Floor: 1S FR ONE STORY FRAME | 110 |
| D | FR GAR GARAGE EXTENSION | 44 |
| E | OFP OPEN FRAME PORCH | 20 |

### Accessory Information

| Description | Year Built | Area | Grade | Value |
|---|---|---|---|---|
| No accessory information associated with this parcel. | | | | |

### Sale Information

| Sale Date | Sale Price | Instrument | Deed Book | Deed Page | Sale Qualification | Validity | Grantee | Grantor |
|---|---|---|---|---|---|---|---|---|
| 2003-08-12 | $ 122,200 | WD | 35911 | 373 | Unqualified | 0-Valid Sale | FERRELL ANTONETTE | BOWEN BUILDERS GROUP INC |
| 2003-03-07 | $ 1,232,000 | LW | 34449 | 417 | Unqualified | M-Sale Includes Multiple Parcels | BOWEN BUILDERS GROUP INC | PROSPECT ROAD DEV LLC |

| Recent Sales in Neighborhood Recent Sales in Area | Previous Parcel | Next Parcel | Field Definitions | Return to Main Search Page | Fulton Home |
|---|---|---|---|---|---|

Fulton County makes every effort to produce the most accurate information possible. No warranties, expressed or implied, are provided for the data herein, its use or interpretation. Assessment information for all tax parcels included in this data is for the current tax year which began January 1st of this calendar year. Value and characteristic parcel data on this site does not reflect changes due to documents recorded after January 1st however sales information may be displayed to show recent sales. Website Updated: August 18, 2016

© 2011 by the County of Fulton, GA | Website design by qpublic.net

Antonette Green   Case # 15-73121

# PURCHASE AND SALE AGREEMENT
Offer Date: 06/22/2016


GeorgiaREALTORS®
2016 Printing

## A. KEY TERMS AND CONDITIONS

1. **Purchase and Sale.** The undersigned buyer(s) ("Buyer") agree to buy and the undersigned seller(s) ("Seller") agree to sell the real property described below including all fixtures, improvements and landscaping therein ("Property") on the terms and conditions set forth in this Agreement.
   a. **Property Identification:** Address: 4002 Carisbrook Dr
      City Union City, County Fulton, Georgia, Zip Code 30291
      MLS Number: 8020998                Tax Parcel I.D. Number: 09F240100832044
   b. **Legal Description:** The legal description of the Property is [select one of the following below]:
      ☐ (1) attached as an exhibit hereto;
      ☑ (2) the same as described in Deed Book 35911, Page 373, et. seq., of the land records of the above county; OR
      ☐ (3) Land Lot(s) _____ of the _____ District, _____ Section/GMD,
         Lot _____, Block _____, Unit _____, Phase/Section _____
         of Brentwood Place                                              Subdivision/Development, according
         to the plat recorded in Plat Book _____, Page _____, et. seq., of the land records of the above county.

2. **Survey.** A survey of Property ☐ is OR ☑ is not attached to this Agreement as an exhibit.

3. **Purchase Price of Property to be Paid by Buyer**
   $ 119,900

4. **Closing Costs.**
   Seller's Contribution at Closing: $ 3597

5. **Closing and Possession.**
   a. **Closing Date:** 08/05/2016 or before

   b. **Seller Retains Possession**
   of Property Through: closing

6. **Holder of Earnest Money ("Holder").**
   Keller Williams Realty Atlanta Partners Stockbridge

7. **Closing Attorney/Law Firm.**
   O'Kelley & Sorohan

8. **Earnest Money.** Earnest Money shall be paid by ☑ check ☐ cash or ☐ wire transfer of immediately available funds as follows:
   ☐ a. $ _____ as of the Offer Date.
   ☑ b. $ 500.00 within 3 days from the Binding Agreement Date.
   ☐ c. _____

9. **Inspection and Due Diligence.**
   a. **Due Diligence Period:** Property is being sold subject to a Due Diligence Period of 10 days from the Binding Agreement Date.
   b. **Option Payment for Due Diligence Period:** In consideration of Seller granting Buyer the option to terminate this Agreement, Buyer:
      (1) has paid Seller $10.00 in nonrefundable option money, the receipt and sufficiency of which is hereby acknowledged; plus
      (2) shall pay Seller additional option money of $ _____ by ☐ check or ☐ wire transfer of immediately available funds either ☐ as of the Offer Date; OR ☐ within _____ days from the Binding Agreement Date. Any additional option money paid by Buyer to Seller ☐ shall (subject to lender approval) or ☐ shall not be applied toward the purchase price at closing and shall not be refundable to Buyer unless the closing fails to occur due to the default of the Seller.

10. **Lead-Based Paint.** To the best of Seller's knowledge, the residential dwelling(s) on the Property (including any portion thereof or painted fixture therein) ☐ was OR ☑ was not built prior to 1978.

11. **Brokerage Relationships in this Transaction.**
    a. Selling Broker is Keller Williams Realty Atlanta Partners - Stockbridge and is:
       (1) ☑ representing Buyer as a client.
       (2) ☐ not representing Buyer (Buyer is a customer).
       (3) ☐ acting as a dual agent representing Buyer and Seller.
       (4) ☐ acting as a designated agent where:
          Asia Williams
          has been assigned to exclusively represent Buyer.
    b. Listing Broker is REGAL REALTY GROUP LLC and is:
       (1) ☑ representing Seller as a client.
       (2) ☐ not representing Seller (Seller is a customer).
       (3) ☐ acting as a dual agent representing Buyer and Seller.
       (4) ☐ acting as a designated agent where:
          Regina McDaniel
          has been assigned to exclusively represent Seller.
    c. **Material Relationship Disclosure:** Broker and/or their affiliated licensees disclose the following material relationships:

12. **Time Limit of Offer.** The Offer set forth herein expires at 5 o'clock p.m. on the date 06/24/2016

13. **Consent to Share Non-Public Information.** Buyer and Seller hereby consent to the closing attorney preparing and distributing an American Land Title Association ("ALTA") Estimated Settlement Statement-Combined to Buyer, Seller, Brokers and Broker's affiliated licensees working in this agreement for their various uses.

Buyer(s) Initials _____ [AG 06/22/16 7:23PM EDT] / _____   Seller(s) Initials _____ / _____ [06/24/16 6:01PM EDT]

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.                 F20, Purchase and Sale Agreement, Page 1 of 7, 05/01/16

EXHIBIT B

dotloop signature verification: www.dotloop.com/my/verification/DL-...

Antonette Green   Case # 15-73121

## B. CORRESPONDING PARAGRAPHS FOR SECTION A

1. **Purchase and Sale/Title.**
   a. **Warranty:** Seller warrants that at the time of closing Seller will convey good and marketable title to said Property by limited warranty deed subject only to: (1) zoning; (2) general utility, sewer, and drainage easements of record as of the Binding Agreement Date and upon which the improvements do not encroach; (3) declarations of condominium and declarations of covenants, conditions and restrictions of record on the Binding Agreement Date; and (4) leases and other encumbrances specified in this Agreement. Buyer agrees to assume Seller's responsibilities in any leases specified in this Agreement.
   b. **Examination:** Buyer may examine title and furnish Seller with a written statement of title objections at or prior to the closing. If Seller fails or is unable to satisfy valid title objections at or prior to the closing or any unilateral extension thereof, which would prevent the Seller from conveying good and marketable title to the Property, then Buyer, among its other remedies, may terminate the Agreement without penalty upon written notice to Seller. Good and marketable title as used herein shall mean title which a title insurance company licensed to do business in Georgia will insure at its regular rates, subject only to standard exceptions.
   c. **Title Insurance:** Buyer hereby directs any mortgage lender involved in this transaction to quote the cost of title insurance based upon the presumption that Buyer will be obtaining an enhanced title insurance policy since such a policy affords Buyer greater coverage.

2. **Survey.** Notwithstanding any other provision to the contrary contained herein, Buyer shall have the right to terminate this Agreement upon notice to Seller if a new survey of the Property performed by a licensed Georgia surveyor is obtained that is materially different from any survey of the Property provided by Seller and attached hereto as an exhibit. The term "materially different" shall not apply to any improvements or repairs constructed by Seller in their agreed-upon locations subsequent to Binding Date Agreement. Matters revealed in any survey, including a survey attached hereto may be raised by Buyer as title objections.

3. **Purchase Price and Method of Payment.** The Purchase Price shall be paid in U.S. Dollars at closing by wire transfer of immediately available funds, or such other form of payment acceptable to the closing attorney.

4. **Closing Costs and Prorations.**
   a. **Items Paid By Buyer:** At closing, Buyer shall pay: (1) Georgia property transfer tax; (2) the cost to search title and tax records and prepare the warranty deed; and (3) all other costs, fees and charges to close this transaction, except as otherwise provided herein.
   b. **Items Paid By Seller:** At closing, Seller shall make the referenced Seller's Monetary Contribution which Buyer may use to pay any cost or expense of Buyer related to this transaction. Buyer acknowledges that Buyer's mortgage lender(s) may not allow the Seller's Monetary Contribution, or the full amount thereof, to be used for some costs or expenses. In such event, any unused portion of the Seller's Monetary Contribution shall remain the property of the Seller. The Seller shall pay the fees and costs of the closing attorney: (1) to prepare and record title curative documents and (2) for Seller not attending the closing in person.
   c. **Prorations:** Ad valorem property taxes, community association fees, solid waste and governmental fees and utility bills for which service cannot be terminated as of the date of closing shall be prorated as of the date of closing. In the event ad valorem property taxes are based upon an estimated tax bill or tax bill under appeal, Buyer and Seller shall, upon the issuance of the actual tax bill or the appeal being resolved, promptly make such financial adjustments between themselves as are necessary to correctly prorate the tax bill. In the event there are tax savings resulting from a tax appeal, third party costs to handle the appeal may be deducted from the savings for that tax year before re-prorating. Any pending tax appeal shall be deemed assigned to Buyer at closing.

5. **Closing and Possession.**
   a. **Right to Extend the Closing Date:** Buyer or Seller may unilaterally extend the closing date for eight (8) days upon notice to the other party given prior to or on the date of closing if: (1) Seller cannot satisfy valid title objections (excluding title objections that: (a) can be satisfied through the payment of money or by bonding off the same; and (b) do not prevent Seller from conveying good and marketable title, as that term is defined herein, to the Property); (2) Buyer's mortgage lender, if any, (including in "all cash" transactions) or the closing attorney cannot fulfill their respective obligations by the date of closing, provided that the delay is not caused by Buyer; or (3) Buyer has not received required estimates or disclosures and Buyer is prohibited from closing under federal regulations. The party unilaterally extending the closing date shall state the basis for the delay in the notice of extension. If the right to unilaterally extend the closing date is exercised once by either the Buyer or Seller, the right shall thereafter terminate.
   b. **Keys and Openers:** At closing, Seller shall provide Buyer with all keys, door openers, codes and other similar equipment pertaining to the Property.

6. **Holder of Earnest Money.** The earnest money shall be deposited into Holder's escrow/trust account (with Holder being permitted to retain the interest if the account is interest bearing) not later than: (a) five (5) banking days after the Binding Agreement Date hereunder or (b) five (5) banking days after the date it is actually received if it is received after the Binding Agreement Date. If Buyer writes a check for earnest money and the same is deposited into Holder's escrow/trust account, Holder shall not return the earnest money until the check has cleared the account on which the check was written. In the event any earnest money check is dishonored by the bank upon which it is drawn, or earnest money is not timely paid, Holder shall promptly give notice of the same to Buyer and Seller. Buyer shall have three (3) banking days from the date of receiving the notice to cure the default and if Buyer does not do so, Seller may within seven (7) days thereafter terminate this Agreement upon notice to Buyer. If Seller fails to terminate the Agreement timely, Seller's right to terminate based on the default shall be waived.

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams                IS INVOLVED AS A REAL ESTATE
LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE
GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.                              F20, Purchase and Sale Agreement, Page 2 of 7, 05/01/16

dotloop signature verification: www.dotloop.com/my/verification/DL-173...

*Antonette Green Case # 15-73121*

7. **Closing Attorney/Law Firm.** Buyer shall have the right to select the closing attorney to close this transaction, and hereby selects the closing attorney referenced herein. If Buyer's mortgage lender refuses to allow that closing attorney to close this transaction, Buyer shall select a different closing attorney acceptable to the mortgage lender. The closing attorney shall represent the mortgage lender in any transaction in which the Buyer obtains mortgage financing (including transactions where the method of payment referenced herein is "all cash"). In transactions where the Buyer does not obtain mortgage financing, the closing attorney shall represent the Buyer.

8. **Return and Disbursement of Earnest Money.**
   a. **Entitlement to Earnest Money:** Subject to the paragraph below, Buyer shall be entitled to the earnest money upon the: (1) failure of the parties to enter into a binding agreement; (2) failure of any unexpired contingency or condition to which this Agreement is subject; (3) termination of this Agreement due to the default of Seller; or (4) termination of this Agreement in accordance with a specific right to terminate set forth in the Agreement. Otherwise, the earnest money shall be applied towards the purchase price of the Property at closing or if other funds are used to pay the purchase price then the earnest money shall be returned to Buyer.
   b. **Disbursement of Earnest Money:** Holder shall disburse the earnest money upon: (1) the closing of Property; (2) a subsequent written agreement of Buyer and Seller; (3) an order of a court or arbitrator having jurisdiction over any dispute involving the earnest money; or (4) the failure of the parties to enter into a binding agreement (where there is no dispute over the formation or enforceability of the Agreement). In addition, Holder may disburse the earnest money upon a reasonable interpretation of the Agreement, provided that Holder first gives all parties at least ten (10) days notice stating to whom and why the disbursement will be made. Any party may object to the proposed disbursement by giving written notice of the same to Holder within the ten (10) day notice period. Objections not timely made in writing shall be deemed waived. If Holder receives an objection and, after considering it, decides to disburse the earnest money as originally proposed, Holder may do so and send notice to the parties of Holder's action. If Holder decides to modify its proposed disbursement, Holder shall first send a new ten (10) day notice to the parties stating the rationale for the modification and to whom the disbursement will now be made. Holder shall offer to disburse the earnest money to Seller by check in the event Holder: (1) makes a reasonable interpretation of the Agreement that the Agreement has been terminated due to Buyer's default; and (2) sends the required ten (10) day notice of the proposed disbursement to Buyer and Seller. If Seller accepts the offer and Holder issues a check to Seller which is deposited by Seller, it shall constitute liquidated damages in full settlement of all claims of Seller against Buyer and the Brokers in this transaction. Holder may require Seller to sign a W-9 before issuing a check to Seller for liquidated damages of $600 or more. Such liquidated damages are a reasonable pre-estimate of Seller's actual damages, which damages are difficult to ascertain and are not a penalty. Nothing herein shall prevent the Seller from declining the tender of the earnest money by the Holder. In such event, Holder, after giving Buyer and Seller the required ten (10) day notice of the proposed disbursement, shall disburse the earnest money to Buyer.
   c. **Interpleader:** If an earnest money dispute cannot be resolved after a reasonable time, Holder may interplead the earnest money into a court of competent jurisdiction if Holder is unsure who is entitled to the earnest money. Holder shall be reimbursed for and may deduct its costs, expenses and reasonable attorney's fees from any funds interpleaded. The prevailing defendant in the interpleader lawsuit shall be entitled to collect its attorney's fees, court costs and the amount deducted by Holder to cover Holder's costs and expenses from the non-prevailing defendant.
   d. **Hold Harmless:** All parties hereby covenant and agree to: (1) indemnify and hold Holder harmless from and against all claims, injuries, suits and damages arising out of the performance by Holder of its duties; (2) not to sue Holder for any decision of Holder to disburse earnest money in accordance with this Agreement.

9. **Inspection and Due Diligence.**
   a. **Right to Inspect Property:** Buyer and/or Buyer's representatives shall have the right to enter the Property at Buyer's expense and at reasonable times (including immediately prior to closing) to inspect, examine, test, appraise and survey Property. Seller shall cause all utilities, systems and equipment to be on so that Buyer may complete all inspections. Buyer agrees to hold Seller and all Brokers harmless from all claims, injuries and damages relating to the exercise of these rights.
   b. **Duty to Inspect Neighborhood:** In every neighborhood there are conditions which different buyers may find objectionable. Buyer shall have the sole duty to become familiar with neighborhood conditions that could affect the Property such as landfills, quarries, power lines, airports, cemeteries, prisons, stadiums, odor and noise producing activities, crime and school, land use, government and transportation maps and plans. It shall be Buyer's sole duty to become familiar with neighborhood conditions of concern to Buyer. **If Buyer is concerned about the possibility of a registered sex offender residing in a neighborhood in which Buyer is interested, Buyer should review the Georgia Violent Sex Offender Registry available on the Georgia Bureau of Investigation Website at www.gbi.georgia.gov.**
   c. **Warranties Transfer:** Seller agrees to transfer to Buyer, at closing, subject to Buyer's acceptance thereof (and at Buyer's expense, if there is any cost associated with said transfer), Seller's interest in any existing manufacturer's warranties, service contracts, termite treatment and/or repair guarantee and/or other similar warranties which, by their terms, may be transferable to Buyer.
   d. **Property Sold "As-Is" Unless this Agreement is Subject to Due Diligence Period:**
      (1) **General:** Unless the Property is being sold subject to a Due Diligence Period referenced herein, the Property shall be sold "as-is" with all faults. The inclusion of a Due Diligence Period herein shall: (a) during its term make this Agreement an option contract in which Buyer may decide to proceed or not proceed with the purchase of the Property for any or no reason; and (b) be an acknowledgement by Seller that Buyer has paid separate valuable consideration of $10 for the granting of the option.
      (2) **Purpose of Due Diligence Period:** During the Due Diligence Period, Buyer shall determine whether or not to exercise Buyer's option to proceed or not proceed with the purchase of the Property. If Buyer has concerns with the Property, Buyer may during the Due Diligence Period seek to negotiate an amendment to this Agreement to address such concerns.

---

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams _____ IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.                F20, Purchase and Sale Agreement, Page 3 of 7, 05/01/16

_Antonette Green    Case #: 15-73121_

(3) **Notice of Decision Not To Proceed:** Buyer shall have elected to exercise Buyer's option to purchase the Property unless prior to the end of any Due Diligence Period, Buyer notifies Seller of Buyer's decision not to proceed by delivering to Seller a notice of termination of this Agreement. In the event Buyer does not terminate this Agreement prior to the end of the Due Diligence Period, then: (a) Buyer shall have accepted the Property "as-is" subject to the terms of this Agreement; and (b) Buyer shall no longer have any right to terminate this Agreement based upon the Due Diligence Period.

e. **Repairs:** All agreed upon repairs and replacements shall be performed in a good and workmanlike manner prior to closing.

10. **Lead-Based Paint.** If any portion of a residential dwelling on the Property was built prior to 1978, the Lead-Based Paint Exhibit is hereby attached as an exhibit to this Agreement. The term "residential dwelling" includes any painted fixture or material used therein that was built or manufactured prior to 1978.

11. **Agency and Brokerage.**
    a. **Agency Disclosure:** In this Agreement, the term "Broker" shall mean a licensed Georgia real estate broker or brokerage firm and, where the context would indicate, the broker's affiliated licensees. No Broker in this transaction shall owe any duty to Buyer or Seller greater than what is set forth in their brokerage engagements and the Brokerage Relationships in Real Estate Transactions Act, O.C.G.A. § 10-6A-1 et. seq.;
       (1) **No Agency Relationship:** Buyer and Seller acknowledge that, if they are not represented by Brokers in a client relationship, they are each solely responsible for protecting their own interests, and that Broker's role is limited to performing ministerial acts for that party.
       (2) **Consent to Dual Agency:** If Broker is acting as dual agent in this transaction, Buyer and Seller consent to the same and acknowledge having been advised of the following:
          i. **Dual Agency Disclosure:** *[Applicable only if Broker is acting as a dual agent in this transaction.]*
             (a) As a dual agent, Broker is representing two clients whose interests are or at times could be different or even adverse;
             (b) Broker will disclose all adverse material facts relevant to the transaction and actually known to the dual agent to all parties in the transaction except for information made confidential by request or instructions from each client which is not otherwise required to be disclosed by law;
             (c) Buyer and Seller do not have to consent to dual agency and the consent of Buyer and Seller to dual agency has been given voluntarily and the parties have read and understand their brokerage engagement agreements.
             (d) Notwithstanding any provision to the contrary contained herein Buyer and Seller each hereby direct Broker while acting as a dual agent to keep confidential and not reveal to the other party any information which could materially and adversely affect their negotiating position.
          ii. **Designated Agency Disclosure:** If Broker in this transaction is acting as a designated agent, Buyer and Seller consent to the same and acknowledge that each designated agent shall exclusively represent the party to whom each has been assigned as a client and shall not represent in this transaction the client assigned to the other designated agent.
    b. **Brokerage:** Seller has agreed to pay Listing Broker(s) a commission pursuant to a separate brokerage engagement agreement entered into between the parties and incorporated herein by reference ("Listing Agreement"). The Listing Broker has agreed to share that commission with the Selling Broker. The closing attorney is hereby authorized and directed to pay the Broker(s) at closing, their respective portions of the commissions out of the proceeds of the sale. If the sale proceeds are insufficient to pay the full commission, the party owing the commission shall pay any shortfall at closing. The acceptance by the Broker(s) of a partial real estate commission at the closing shall not relieve the party owing the same from paying the remainder after the closing (unless the Broker(s) have expressly and in writing agreed to accept the amount paid in full satisfaction of the Broker(s) claim to a commission).
    c. **Disclaimer:** Buyer and Seller have not relied upon any advice or representations of Brokers other than what is included in this Agreement. Brokers shall have no duty to advise Buyer and Seller on any matter relating to the Property which could have been revealed through a survey, title search, Official Georgia Wood Infestation Report, inspection by a professional home inspector or construction expert, utility bill review, an appraisal, inspection by an environmental engineering inspector, consulting governmental officials or a review of this Agreement and transaction by an attorney, financial planner, mortgage consultant or tax planner. Buyer and Seller should seek independent expert advice regarding any matter of concern to them relative to the Property and this Agreement.

12. **Time Limit of Offer.** The Time Limit of the Offer shall be the date and time referenced herein when the Offer expires unless prior to that date and time both of the following have occurred: (a) the Offer has been accepted by the party to whom the Offer was made; and (b) notice of acceptance of the Offer has been delivered to the party who made the Offer.

### C. OTHER TERMS AND CONDITIONS

1. **Notices.**
   a. **Generally:** All notices given hereunder shall be in writing, legible and signed by the party giving the notice. In the event of a dispute regarding notice, the burden shall be on the party giving notice to prove delivery. The requirements of this notice paragraph shall apply even prior to this Agreement becoming binding. Notices shall only be delivered: (1) in person; (2) by courier, overnight delivery service or by certified or registered U.S. mail (hereinafter collectively "Delivery Service"); or (3) by e-mail or facsimile. The person delivering or sending the written notice signed by a party may be someone other than that party.

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams _____ IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.                    F20, Purchase and Sale Agreement, Page 4 of 7, 05/01/16

dotloop signature verification: www.dotloop.com/my/verification/DL-172...

Antonette Green Case # 15-73121

b. **Delivery of Notice:** A notice to a party shall be deemed to have been delivered and received upon the earliest of the following to occur: (1) the actual receipt of the written notice by a party; (2) in the case of delivery by a Delivery Service, when the written notice is delivered to an address of a party set forth herein (or subsequently provided by the party following the notice provisions herein), provided that a record of the delivery is created; (3) in the case of delivery electronically, on the date and time the written notice is electronically sent to an e-mail address or facsimile number of a party herein (or subsequently provided by the party following the notice provisions herein). Notice to a party shall not be effective unless the written notice is sent to an address, facsimile number or e-mail address of the party set forth herein (or subsequently provided by the party following the notice provisions herein).

c. **When Broker Authorized to Accept Notice for Client:** Except where the Broker is acting in a dual agency capacity, the Broker and any affiliated licensee of the Broker representing a party in a client relationship shall be deemed to be notice to the party. Notice to an authorized agents of the party and notice to any of them shall for all purposes herein be deemed to be notice to the party. Notice to an authorized agent shall not be effective unless the written notice is sent to an address, facsimile number or e-mail address of the authorized agent set forth herein (or subsequently provided by the authorized agent following the notice provisions herein). Except as provided for herein, the Broker's staff at a physical address set forth herein of the Broker or the Broker's affiliated licensees are authorized to receive notices delivered by a Delivery Service. The Broker, the Broker's staff and the affiliated licensees of the Broker shall not be authorized to receive notice on behalf of a party in any transaction in which a brokerage engagement has not been entered into with the party or in which the Broker is acting in a dual agency capacity. In the event the Broker is practicing designated agency, only the designated agent of a client shall be an authorized agent of the client for the purposes of receiving notice.

2. **Default.**
   a. **Rights of Buyer or Seller:** A party defaulting under this Agreement shall be liable for the default. The non-defaulting party may pursue any lawful remedy against the defaulting party.
   b. **Rights of Broker:** In the event a party defaults under this Agreement, the defaulting party shall pay as liquidated damages to every broker involved in this transaction with whom the defaulting party does not have a brokerage engagement agreement an amount equal to the share of the commission the broker would have received had the transaction closed. For purposes of determining the amount of liquidated damages to be paid by the defaulting party, the written offer(s) of compensation to such broker and/or other written agreements establishing such broker's commission are incorporated herein by reference. The liquidated damages referenced above are a reasonable pre-estimate of the Broker(s) actual damages and are not a penalty. In the event a Broker referenced herein either has a brokerage engagement agreement or other written agreement for the payment of a real estate commission with a defaulting party, the Broker shall only have such remedies against the defaulting party as are provided for in such agreement.

3. **Risk of Damage to Property.** Seller warrants that at the time of closing the Property and all items remaining with the Property, if any, will be in substantially the same condition (including conditions disclosed in the Seller's Property Disclosure Statement) as on the Binding Agreement Date, except for changes made to the condition of Property pursuant to the written agreement of Buyer and Seller. Seller shall deliver Property clean and free of trash and debris at time of possession. Notwithstanding the above, if the Property is destroyed or substantially damaged prior to closing, Seller shall promptly give notice to Buyer of the same and provide Buyer with whatever information Seller has regarding the availability of insurance and the disposition of any insurance claim. Buyer or Seller may terminate this Agreement not later than fourteen (14) days from receipt of the above notice. If Buyer or Seller do not terminate this Agreement, Seller shall cause Property to be restored to substantially the same condition as on the Binding Agreement Date. The date of closing shall be extended until the earlier of one year from the original date of closing, or seven (7) days from the date that Property has been restored to substantially the same condition as on the Binding Agreement Date and a new certificate of occupancy (if required) is issued.

4. **Other Provisions.**
   a. **Entire Agreement, Modification and Assignment:** This Agreement constitutes the sole and entire agreement between all of the parties, supersedes all of their prior written and verbal agreements and shall be binding upon the parties and their successors, heirs and permitted assigns. No representation, promise or inducement not included in this Agreement shall be binding upon any party hereto. This Agreement may not be amended or waived except upon the written agreement of Buyer and Seller. This Agreement may not be assigned by Buyer except with the written agreement of Seller. Any assignee shall fulfill all the terms and conditions of this Agreement.
   b. **Survival of Agreement:** The following shall survive the closing of this Agreement: (1) the obligation of a party to pay a real estate commission; (2) any warranty of title; (3) all representations of Seller regarding the Property; and (4) any obligations which the parties herein agree shall survive the closing or may be performed or fulfilled after the closing.
   c. **Governing Law and Interpretation:** This Agreement may be signed in multiple counterparts each of which shall be deemed to be an original and shall be interpreted in accordance with the laws of Georgia. No provision herein, by virtue of the party who drafted it, shall be interpreted less favorably against one party than another. All references to time shall mean the time in Georgia.
   d. **Time of Essence:** Time is of the essence of this Agreement.
   e. **Terminology:** As the context may require in this Agreement: (1) the singular shall mean the plural and vice versa; and (2) all pronouns shall mean and include the person, entity, firm, or corporation to which they relate. The letters "N.A." or "N/A", if used in this Agreement, shall mean "Not Applicable", except where the context would indicate otherwise.
   f. **Binding Agreement Date:** The Binding Agreement Date shall be the date when a party to this transaction who has accepted an offer or counteroffer to buy or sell real property delivers notice of that acceptance to the party who made the offer or counteroffer in accordance with the Notices section the Agreement. Notice of the Binding Agreement Date may be delivered by either party (or the Broker working with or representing such party) to the other party. If notice of accurate Binding Agreement Date is delivered, the party receiving notice shall sign the same and immediately return it to the other party.
   g. **Duty to Cooperate:** All parties agree to do all things reasonably necessary to timely and in good faith fulfill the terms of this Agreement. Buyer and Seller shall execute and deliver such certifications, affidavits, and statements required by law or reasonably requested by the closing attorney, mortgage lender and/or the title insurance company to meet their respective requirements.

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.                         F20, Purchase and Sale Agreement, Page 5 of 7, 05/01/16

*Antonette Green Case # 15-73121*

h. **Electronic Signatures:** For all purposes herein, an electronic or facsimile signature shall be deemed the same as an original signature; provided, however, that all parties agree to promptly re-execute a conformed copy of this Agreement with original signatures if requested to do so by, the buyer's mortgage lender or the other party.
i. **Extension of Deadlines:** No time deadline under this Agreement shall be extended by virtue of it falling on a Saturday, Sunday or federal holiday except for the date of closing.
j. **GAR Forms:** The Georgia Association of REALTORS®, Inc. ("GAR") issues certain standard real estate forms. These GAR forms are frequently provided to the parties in real estate transactions. No party is required to use any GAR form. Since these forms are generic and written with the interests of multiple parties in mind, they may need to be modified to meet the specific needs of the parties using them. If any party has any questions about his or her rights and obligations under any GAR form he or she should consult an attorney. The parties hereto agree that the GAR forms may only be used in accordance with the licensing agreement of GAR. While GAR forms may be modified by the parties, no GAR form may be reproduced with sections removed, altered or modified unless the changes are visible on the form itself or in a stipulation, addendum, exhibit or amendment thereto.
k. **No Authority to Bind:** No Broker or affiliated licensee of Broker, by virtue of this status, shall have any authority to bind any party hereto.

5. **Exhibits and Addenda.** All exhibits and/or addenda attached hereto, listed below, or referenced herein are made a part of this Agreement. If any such exhibit or addendum conflicts with any preceding paragraph (including any changes thereto made by the parties), said exhibit or addendum shall control:

☐ All Cash Exhibit as Exhibit "_____"
☐ Back-up Agreement Contingency as Exhibit "_____"
☒ Community Association Disclosure as Exhibit "B_____"
☐ Condominium Purchase and Sale Exhibit "_____"
☐ Conventional Loan Contingency Exhibit as Exhibit "_____"
☒ FHA Loan Contingency Exhibit as Exhibit "A_____"
☐ Lead-Based Paint Exhibit as Exhibit "_____" *[If any portion of a residential dwelling was built prior to 1978, a Lead-Based Paint Exhibit must under federal law be attached as an exhibit to this Agreement.]*
☐ Lease Purchase and Sale Exhibit (F29) (to be used with F30) as Exhibit "_____"
☐ Lease for Lease/Purchase Agreement (F30) (to be used with F29) as Exhibit "_____"
☐ Legal Description of the Property as Exhibit "_____"
☐ Loan Assumption Exhibit "_____"
☐ Sale or Lease of Buyer's Property Contingency as Exhibit "_____"
☒ Seller's Property Disclosure Statement as Exhibit "C_____"
☐ Survey of Property as Exhibit "_____"
☐ Temporary Occupancy Agreement as Exhibit "_____"
☐ USDA-RD Loan Contingency Exhibit as Exhibit "_____"
☐ VA Loan Contingency Exhibit as Exhibit "_____"
☐ Other _____
☐ Other _____
☐ Other _____
☐ Other _____

**SPECIAL STIPULATIONS:** The following Special Stipulations, if conflicting with any exhibit, addendum, or preceding paragraph (including any changes thereto made by the parties), shall control:

Refrigerator, stove, dishwasher and washer/dryer to remain at property along with backyard shed.

Additional Special Stipulations ☐ are or ☒ are not attached.

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.             F20, Purchase and Sale Agreement, Page 6 of 7, 05/01/16

Antonette Green   Case # 15-73121

| Buyer Acceptance and Contact Information | Seller Acceptance and Contact Information |
|---|---|
| **1** *Senovia Brown* (dotloop verified 06/22/16 7:23PM EDT AHMB-YFP4-KX7L-K7XP) <br> Buyer's Signature | **1** <br> Seller's Signature |
| Senovia Brown <br> Print or Type Name | Antonette Ferrell <br> Print or Type Name |
| Buyer's Address | Seller's Address |
| E-Mail brownsenovia@yahoo.com | E-Mail |
| Buyer's Phone #      Fax # | Seller's Phone #      Fax # |
| **2** <br> Buyer's Signature | **2** *Antonette Ferrell* (dotloop verified 06/24/16 6:01PM EDT 49UH-Q7BK-JOXT-IVQB) <br> Seller's Signature |
| Print or Type Name | Print or Type Name |
| Buyer's Address | Seller's Address |
| E-Mail | E-Mail |
| Buyer's Phone #      Fax # | Seller's Phone #      Fax # |

| Selling Broker/Affiliated Licensee Contact Information: | Listing Broker/Affiliated Licensee Contact Information: |
|---|---|
| Keller Williams Realty Atlanta Partners - Stockbridge <br> Selling Broker | REGAL REALTY GROUP LLC <br> Listing Broker |
| By: *Asia Williams* (dotloop verified 06/22/16 6:56PM EDT PNSE-XGZY-VJOZ-DCKL) <br> Broker or Broker's Affiliated Licensee | By: <br> Broker or Broker's Affiliated Licensee |
| Asia Williams <br> Print or Type Name | Regina McDaniel <br> Print or Type Name |
| KWRS06       H-46676 <br> MLS Office Code    Brokerage Firm License Number | <br> MLS Office Code    Brokerage Firm License Number |
| 303 Corporate Center Drive,, Suite 100 <br> Selling Broker's Address | <br> Listing Broker's Address |
| Stockbridge, GA 30281 | |
| 770-692-0888 <br> Phone #       Fax # | 7706703032 <br> Phone #       Fax # |
| E-Mail molandgroup1@yahoo.com | E-Mail Reginamcdaniel@aol.com |
| 365173 <br> Selling Agent's Georgia Real Estate License Number | 330034 <br> Listing Agent's Georgia Real Estate License Number |
| Member of: MSAR _____ of REALTORS® | Member of: _____ of REALTORS® |

**Binding Agreement Date:** The Binding Agreement Date in this transaction is the date of _____ and has been filled in by _____.

THIS FORM IS COPYRIGHTED AND MAY ONLY BE USED IN REAL ESTATE TRANSACTIONS IN WHICH Asia Williams   IS INVOLVED AS A REAL ESTATE LICENSEE. UNAUTHORIZED USE OF THE FORM MAY RESULT IN LEGAL SANCTIONS BEING BROUGHT AGAINST THE USER AND SHOULD BE REPORTED TO THE GEORGIA ASSOCIATION OF REALTORS® AT (770) 451-1831.
Copyright© 2016 by Georgia Association of REALTORS®, Inc.                F20, Purchase and Sale Agreement, Page 7 of 7, 05/01/16

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| **ANTONETTE FERRELL GREEN** ) | CASE NO. **15-73121-**CRM |
| *A/K/A ANTONETTE FERRELL GREEN* ) | |
| *A/K/A ANTONETTE FERRELL* ) | |
| *A/K/A ANTOENETTE FERRELL*, ) | |
| ) | |
| Debtor. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I am more than 18 years of age and that I have this day served a copy of the within Motion to Sell Real Estate and Notice of Hearing upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

| | |
|---|---|
| Antonette Ferrell Green<br>4002 Carisbrook Dr.<br>Union City, GA 30291 | Citimortgage, Inc.<br>PO Box 9438<br>Gaithersburg, MD 20898 |
| CitiMortgage, Inc.<br>c/o CT Corporation System, Reg. Ag.<br>1201 Peachtree St., NE<br>Atlanta, GA 30361 | CitiMortgage, Inc.<br>c/o Jane Fraser, CEO<br>399 Park Ave.<br>New York, NY 10022 |
| CitiMortgage, Inc.<br>Attn: Beatriz Perez<br>PO Box 6030<br>Sioux Falls, SD 57117-6030 | CitiMortgage, Inc.<br>Attn: Taylor Mansell<br>Shapiro Pendergast & Hasty<br>211 Perimeter Center Pkwy, Ste. 300<br>Atlanta, GA 30346 |

*See attached for additional creditors served*

I further certify that, by agreement of parties, Nancy J. Whaley, Standing Chapter 13 Trustee, was served via ECF.

Dated: August 29, 2016

      /s/
Peter Batalon
GA Bar No. 339830
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North, Ste. 201
Atlanta, Georgia 30346
(404) 381.8642 x-2419

```
Label Matrix for local noticing           Aes/esa                                  American InfoSource LP as agent for
113E-1                                    Pob 61047                                DIRECTV, LLC
Case 15-73121-crm                         Harrisburg, PA 17106-1047                PO Box 5008
Northern District of Georgia                                                       Carol Stream, IL  60197-5008
Atlanta
Mon Aug 29 15:52:13 EDT 2016

(p)AMERICREDIT FINANCIAL SERVICES DBA GM FINAN    Aspire                           Craig Z. Black
PO BOX 183853                             Po Box 105555                            The Semrad Law Firm, LLC
ARLINGTON TX 76096-3853                   Atlanta, GA 30348-5555                   Sterling Point II
                                                                                   Suite 201
                                                                                   303 Perimeter Center North
                                                                                   Atlanta, GA 30346-3425

Brentwood Place HOA                       Capital One                              Central Financial Control
C/O Kenneth Brown                         Attn: Bankruptcy                         Po Box 66044
1385 Spring Street NW                     Po Box 30285                             Anaheim, CA 92816-6044
Atlanta, GA 30309-2845                    Salt Lake City, UT 84130-0285


CitiMortgage, Inc.                        CitiMortgage, Inc.                       Citimortgage Inc
P.O. Box 6030                             P.O. Box 688971                          Po Box 9438
Sioux Falls, South Dakota 57117-6030      Des Moines, IA 50368-8971                Gaithersburg, MD 20898-9438



Credit Union Of Atlanta                   Department of Justice, Tax Div           ECMC
670 Metropolitan Parkway                  Civil Trial Section, Southern            PO Box 16408
Atlanta, GA 30310-2058                    PO Box 14198; Ben Franklin Sta           St. Paul, MN 55116-0408
                                          Washington, DC 20044-4198



(p)FORD MOTOR CREDIT COMPANY              Frederick J Hanna & Assoc.               (p)GEORGIA DEPARTMENT OF REVENUE
P O BOX 62180                             2253 Northwest Parkway                   COMPLIANCE DIVISION
COLORADO SPRINGS CO 80962-2180            Marietta, GA 30067-8764                  ARCS BANKRUPTCY
                                                                                   1800 CENTURY BLVD NE SUITE 9100
                                                                                   ATLANTA GA 30345-3202


Antonette Ferrell Green                   Internal Revenue Service                 Internal Revenue Service
4002 Carisbrook Drive                     401 W Peachtree St. NW                   P.O. Box 7346
Union City, GA 30291-7127                 Stop 334-D                               Philadelphia, PA 19101-7346
                                          Atlanta, GA 30308



(p)JEFFERSON CAPITAL SYSTEMS LLC          Paul R Knighten                          Magistrate Court of Fulton Co.
PO BOX 7999                               Sicay-Perrow & Knighten, P.C.            185 Central Ave SW #Tg400
SAINT CLOUD MN 56302-7999                 P. O. Box 2108                           Atlanta, GA 30303-6235
                                          Atlanta, GA 30301-2108



Taylor S. Mansell                         Julie D. Mehelic                         Midland Funding
Shaprio Pendergast & Hasty, LLP           Shapiro Swertfeger & Hasty, LLP          2365 Northside Dr
Suite 300                                 Suite 300                                Suite 300
211 Perimeter Center Parkway, NE          211 Perimeter Center Parkway, NE         San Diego, CA 92108-2709
Atlanta, GA 30346-1305                    Atlanta, GA 30346-1305


Midland Funding, LLC                      Midland Funding, LLC                     Office of the Attorney General
c/o Corporation Service Co.               c/o J. Brandon Black, President          40 Capitol Square, SW
40 Technology Pkwy S., Ste. 300           3111 Camino Del Rio N. Ste. 103          Atlanta, GA 30334-9057
Norcross, GA 30092-2924                   San Diego, CA 92108-5721
```

```
People's Finance                      Peoples Financial Corporation         Special Assistant U.S. Attorne
9425 Main St                          c/o Paul R. Knighten                  401 W. Peachtree Street, NW
Woodstock, GA 30188-3722              P.O. Box 2108                         STOP 1000-D, Suite 600
                                      Atlanta, GA 30301-2108                Atlanta, GA 30308


TN STUDENT ASSTNCE CORP               United States Attorney's Offic        Nancy J. Whaley
C/O OFFICE OF TN ATTRNY GEN           75 Spring Street, S.W.                Nancy J. Whaley, 13 Trustee
PO BOX 20207                          Suite 600 U.S. Courthouse             Suite 120
NASHVILLE, TN 37202-4015              Atlanta, GA 30303-3315                303 Peachtree Center Avenue
                                                                            Atlanta, GA 30303-1286


World Acceptance Corporation          World Finance Corp
Attn: Bankruptcy Processing Center    World Acceptance Corp
PO Box 6429                           Po Box 6429
Greenville, SC 29606-6429             Greenville, SC 29606-6429
```

             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Americredit                           Ford Motor Credit Company, LLC        Georgia Department of Revenue
Po Box 183583                         Po Box 62180                          Bankruptcy Unit
Arlington, TX 76096                   Colorado Springs, CO 80962            1800 Century Blvd. Suite 17200
                                                                            Atlanta, GA 30345-3205


Jefferson Capital Systems, LLC
16 Mcleland Rd
Saint Cloud, MN 56303
```

             The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)CITIMORTGAGE, INC.                 (d)ECMC                               (u)Peoples Financial
                                      PO BOX 16408
                                      ST. PAUL, MN 55116-0408
```

```
End of Label Matrix
Mailable recipients    37
Bypassed recipients     3
Total                  40
```